Johnson, J.
delivered the opinion of the Court.
We are very clearly of opinion, that the copy grant was improperly admitted in evidence. The act of 1803, 2 Faust, 498, makes it lawful for any party, plaintiff, or defendant, to produce a certified copy of a grant in evidence, under the proviso, that the person or persons, who offer to do so, shall swear that the original is lost, or destroyed, or out of his, her, or their power to produce, &c. According to the letter, the persons who offer a copy, must make the oath required. If there are more than one plaintiff or defendant, then all must make it. If we consult the spirit or policy of the act, the same conclusion follows. The object of requiring the oath, was to protect the opposite party from frauds in suppressing the original, and giving in evidence imperfect copies; and unless all the parties are required to make the oath, one might suppress the original, and another safely take the oath. It is not supplied by the oath of the cestuy que tmst. The legal estate is in the trustee, who is intitled to possession of the muniments of title; and will be presumed to have them, unless the contrary is shewn.
The motion is for a non-suit, but we think a new trial only ought to be granted. The Circuit Court admitted the copy grant in evidence on the oath of one of the plaintiffs only, as plenary proof; and but for this, it does not appear but that the oaths of the other plaintiffs might have been supplied on the instant. As a general rule, I am disposed to think, that a non-suit ought never to be ordered by this Court, where a verdict has been founded on incompetent evidence; unless it appear, that the whole case is before the Court, and that such evidence cannot be supplied by that which is competent. A new trial is therefore ordered.